Attorney Michael T. Hopkins
IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202
WI SBN: 1014792
Fax: 888-227-1655
mth@ip-lit.us
Tel: 888-227-1655

Attorney for Plaintiff,
Stellar Records, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stellar Records, LLC, a Wisconsin limited liability company,<br><br>Plaintiff,<br><br>Mark Mann, a/k/a Marc Lossman, a/k/a Marc the Mixer,<br><br>Defendant. | No. 4:17-cv-390-RCC<br><br>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SUPPORTING MEMORANDUM OF LAW |

MOTION

THE PLAINTIFF, Stellar Records, LLC, by its attorney, Michael T. Hopkins, hereby moves the Court for an ORDER entering default judgment against the Defendant, Mark Mann, a/k/a Mark Lossman, pursuant to Rule 55(b)(2), Fed.R.Civ.P. This Motion is based upon the docket and proceedings previously had herein; the Declarations of Viveiros and Hopkins filed herewith; and upon the following Memorandum of Law.

MEMORANDUM OF LAW

I. Introduction

Plaintiff, Stellar Records, LLC (SRLLC), owns the copyrights to approximately 950 music sound recordings,[1] which were registered with the U.S. Copyright Office in 2011. Copies of the Registration Certificates are attached to the Complaint as Exhibit H (dkt. 1-10).[2]

SRLLC commenced this action against Mark Mann, a/k/a Mark Lossman, on August 10, 2017, for infringement of 264 of its copyrights.[3] Mann was selling illicit copies of Plaintiff's and others' copyright protected sound recordings loaded on external computer hard drives, or by direct download via internet file sharing sites.[4]

After suit was commenced, Defendant made every attempt to evade service. Four attempts at service were made in August 2017 at Mann's residence.[5] During the last attempt, Defendant contacted the process server via text message, ordering her off of his property. The sever identified herself as an Officer of the Court with process for him, to no avail.[6] Consequently, after motion by Plaintiff the Court ordered service by alternative means.[7] Service was accomplished by mail, email, posting and texting.[8] Although Mann

---

[1] Viveiros's Declaration, ¶¶2-8 and 10-13, and attached Exhibits 1-3; Hopkins's Declaration, ¶2.
[2] Viveiros's Declaration, ¶9.
[3] Dkt. 1.
[4] Complaint (dkt. 1), ¶12.
[5] McNamara's Declaration (dkt. 10), ¶¶4-8.
[6] *Id*., and Ex. G attached thereto (dkt. 10-8).
[7] Dkt. 12.
[8] Dkt. 13, dkt. 14, and dkt. 15.

had actual knowledge of this litigation and received several copies of the complaint, he failed to answer or otherwise respond, and is in default.[9]

Following Defendant's default, the Court granted Plaintiff's motion for leave to conduct discovery, so that SRLLC could "make an informed election of damages pursuant to 17 U.S.C. §504."[10]

## II. Discovery and Damages

Mark Mann has openly and continually flouted the protections afforded copyright owners by the U.S. Copyright Act, and the solemn authority of this Court. Mann has been selling illicit copies of copyright protected sound recordings for the last seven years. He has done this surreptitiously through anonymous ads on Craigslist®, and other similar sites. He receives payment from his customers via PayPal®, through an account titled "Karaoke King."

Unfortunately but not surprisingly, the instant action has not inhibited his illegal conduct, save he claims not to continue to sell "Stellar's" recordings.

Attached as Ex. 1 to Hopkins's Declaration (filed herewith) is an ad Mann placed on the USFreeads® website two months after this action was filed. In the ad, Defendant is offering to sell a "1TB External Hard Drive," loaded with "250,000+ High Quality MP3G and MP3 karaoke / Music + Music Videos MPEG." The second page of the ad includes the following disclaimer: "Please read and study legalities. We are NOT

---

[9] Dkt., 16.
[10] Plaintiff's Motion for Leave to Conduct Discovery (dkt. 17) ¶9, and Court's October 31, 2017 Order (dkt. 18).

affiliated with STELLAR (r) and do NOT offer anything relating to STELLAR (r)." The third page of the ad contains additional "legalities," wherein Mann attempts to apply a veneer of legitimacy to his activities, referencing "royalties;" "computerized copies of materials;" and "Free Monthly Telephonic Legality Seminars."[11]

A review of this ad establishes several key facts. First, Mann is fully informed of this litigation, as he has removed SRLLC's recordings from the collection of recordings he continues to sell. Second, Mann is aware his activity is illegal; he has removed SRLLC's recordings from the mix, and has attempted to apply an appearance of legitimacy to his conduct. Lastly, he is unrepentant.

During discovery in this case, Plaintiff subpoenaed Mann's PayPal® account records, which were voluminous.[12] However, after careful analysis it was determined Mann had created and sold no fewer than 1,613 external computer hard drives containing illicit copies of Plaintiff's and others' copyright protected recordings. These sales resulted in lost profits to Plaintiff of $766,497.00.[13]

However, in lieu of actual damages, a copyright owner may elect to recover statutory damages from an infringer. (17 U.S.C. §504(c)). Statutory damages are determined by the trier of fact, and may be awarded in the range of $750.00 to

---

[11] Hopkins's Declaration, ¶9 and attached Ex. 1.
[12] Id., ¶¶5, 6.
[13] The profit on the sale of each of Plaintiff's karaoke recordings was $1.80. (Viveiros's Declaration, ¶16.) Each hard drive sold by Defendant contained copies of 264 separate recordings for which Plaintiff owns the copyright, totaling 425,832 separate acts of infringement by Defendant (Hopkins's Declaration, ¶8).

$30,000.00, per work infringed, for acts of non-willful infringement, and up to $150,000.00 per work infringed when a defendant's conduct is willful.

Fact finders are typically instructed to consider several factors when deciding on an award of statutory damages. They include (1) the expenses saved and the profits reaped, (2) the revenues lost by the plaintiff, (3) the value of the copyright, (4) the deterrent effect on others besides the defendant, (5) whether the defendant's conduct was innocent or willful, (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced, and (7) the potential for discouraging the defendant. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986); accord *Eros Entm't, Inc. v. Melody Spot, L.L.C.*, 2005 WL 4655385, at *10 (E.D.N.Y. Oct. 11, 2005).

Deterrence (to a defendant and others) and the nature of Defendant's conduct are often cited as controlling factors when assessing statutory damages. As the Supreme Court has stated:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to the infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952).

Additionally:

> To determine the amount of statutory damages the court should primarily focus upon two factors: the willfulness of the defendant's conduct, and the deterrent value of the sanction imposed. Although the restitution of wrongfully acquired

gain and reparation for actual damage is surely relevant, it is often, as in the case at bar, difficult if not impossible to put a dollar figure on the actual damages incurred as a result of the defendant's actions. Accordingly, the statute itself clearly distinguishes between willful and unknowing violations. Moreover, courts have repeatedly emphasized that defendants must not be able to sneer in the face of copyright owners and copyright laws. Rather, defendants must "be put on notice that it costs less to obey the copyright laws than to violate them." *Music City Music v. Alfa Foods, Ltd.*, 616 F.Supp. 1001, 1003 (E.D. Va.1985); see also *F.W. Woolworth v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952); *Rodgers v. Eighty Four Lumber Co.*, 623 F.Supp. 889, 892 (W.D.Pa.1985). *International Korwin Corp. v. Kowalczyk*, 665 F.Supp. 652, 658-59 (N.D. Ill., 1987); *affirmed*, 855 F.2d 375 (7th Cir. 1988).

In the case at bar Mr. Mann has knowingly and willfully disregarded the U.S. Copyright Act, and the property rights of copyright owners. What is even more unsettling is that his conduct continues, unabated. Based upon the foregoing, Plaintiff requests that the Court enter judgment against Mr. Mann in the amount of $15,000.00 per work infringed, for a total award of statutory damages of $3,960,000.00, inclusive of costs, expenses and fees. This is certainly not excessive, representing 50% of the statutory damages available for non-willful infringement, and just 10% of the maximum allowable for willful infringement. Hopefully such an award will in fact have a detrimental effect on Mr. Mann.

Respectfully submitted this 3rd day of April, 2018.

                                                             /s/ Michael T. Hopkins      .
                                                       Michael T. Hopkins,
                                                       attorney for Plaintiff, Stellar Records, LLC